Zobel, J.
Memorandum
Petitioner claims credit for certain earned good time which, he says, Respondent has wrongfully withheld. All agree that the records which Respondent (more accurately, the Department of Corrections) maintains do not reflect the earned good-time credits which Petitioner claims. The difference is 91.5 days (i.e., 330 days minus 238.5 days).
The state of the evidence is such that no fact finder could accurately determine which contention is true. Petitioner says he participated in certain activities normally entitling him to good-time credits and that the lacunae in Respondent’s ledgers merely evince sloppy bookkeeping.
Normally, courts solve similar dilemmas by deciding the case in favor of the party who does not face the burden of proof. No Massachusetts case has directly applied this principle; the closest opinion is Rachal, petitioner, 25 Mass.App.Ct. 126, 132 (1987), which discusses the burden of proof in good-time cases in the context of disciplinary hearings and statutory, not earned, good time.
Here, where the court has no other way of determining the truth than the Department’s records and the inmate’s recollection, nothing suggests the relative fairness of apportioning the risk of nonpersuasion. For that reason, it seems appropriate to apply the usual rule that the party seeking relief must establish his right to it.
In the present situation, the evidence is in equipoise. Petitioner not having sustained his burden, the court accepts Respondent’s calculation.
Petitioner is therefore not entitled to immediate release.
ORDER
Accordingly, it is Ordered, that the Petition for Writ of Habeas Corpus be, and the same hereby is, Denied and Discharged.